# United States Court of Appeals
## For the Eighth Circuit
_____

No. 25-2620
_____

Boechler, P.C.

*Appellant*

v.

Commissioner of Internal Revenue

*Appellee*
_____

United States Tax Court
_____

Submitted: June 9, 2026
Filed: August 10, 2026
[Published]
_____

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.
_____

PER CURIAM.

Boechler, P.C. (BPC) filed an untimely petition for review under 26 U.S.C. § 6330(d). After a hearing, the Tax Court[1] concluded BPC was not entitled to equitable tolling. BPC appeals.

_____

[1]The Honorable Ronald L. Buch, Judge, United States Tax Court.

# I.

On July 28, 2017, the IRS Office of Appeals sent BPC, a law firm based in North Dakota, a Notice of Determination sustaining a previously issued Notice of Intent to Levy to secure payment for an outstanding tax liability. Under 26 U.S.C. § 6330(d)(1), BPC had 30 days to petition the Tax Court for review of this determination. BPC missed the deadline by one day, and the Tax Court dismissed the untimely petition for lack of jurisdiction. This court affirmed. Boechler, P.C. v. Comm'r, 967 F.3d 760, 766 (8th Cir. 2022).

The Supreme Court reversed, ruling the 30-day window prescribed in § 6330(d)(1) is a nonjurisdictional deadline subject to equitable tolling, and remanded for further proceedings to determine whether BPC "is entitled to equitable tolling on the facts of this case." Boechler, P.C. v. Comm'r, 596 U.S. 199, 208, 211 (2022).

On remand, the Tax Court held a hearing. Jeanette Boechler, the sole attorney at BPC, was the only witness. She testified that BPC's primary area of practice is plaintiff-side products-liability litigation. During the 30-day period before the petition was due, BPC had a heavy caseload of asbestos-related cases—approximately "25 active asbestos cases often [against] 30 or more defendants." Boechler specifically identified three cases she was actively litigating at the time, and she testified she was working an average of 60 hours per week. In the summer of 2017, she was also a caregiver for her elderly mother, who lived with Boechler and Boechler's sister. And Boechler helped her son, a recent high school graduate, move out of state for college, which she described as an "emotional" transition.

BPC employed three people during this time period: Boechler, her sister, and a part-time assistant. BPC had an accountant to handle the annual corporate taxes, but Boechler prepared BPC's quarterly reports, workers compensation reports, and the like. BPC hired an outside attorney who filed the petition for review on BPC's behalf, but it was Boechler who calculated—erroneously—the deadline to file it.

After considering the evidence, the Tax Court found equitable tolling was unwarranted and sustained the Notice of Determination. BPC appeals.

## II.

We review the Tax Court's ruling on equitable tolling de novo, and its underlying factual findings for clear error. See Chachanko v. United States, 935 F.3d 627, 629 (8th Cir. 2019); RP Golf v. Comm'r, 860 F.3d 1096, 1099 (8th Cir. 2017) (applying same standard of review for Tax Court decisions as district court decisions). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Thompson v. Comm'r of Soc. Sec. Admin., 919 F.3d 1033, 1036 (8th Cir. 2019) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

The Tax Court found BPC had not established due diligence, concluding "the record is silent as to whether anyone diligently pursued [BPC's] rights." For purposes of equitable tolling, due diligence does not mean "maximum feasible diligence," Muhammad v. United States, 735 F.3d 812, 816 (8th Cir. 2013), "but it does require 'reasonable efforts.'" Odie v. United States, 42 F.4th 940, 946 (8th Cir. 2022) (quoting Ingram v. United States, 932 F.3d 1084, 1090 (8th Cir. 2019)). Here, Boechler miscalculated the deadline, yet she could remember no action she took to verify her calculation was accurate. There was no evidence she consulted with BPC's outside attorney, its staff, or the IRS—or anyone—to ensure the deadline would be met. The Tax Court did not err in concluding BPC failed to show it had diligently pursued its rights.

Nor does the record show that extraordinary circumstances prevented BPC from meeting the deadline. Equitable tolling is "typically reserved for circumstances that are 'truly beyond the control of the plaintiff.'" Jackson v. Hennepin Healthcare Sys., Inc., 134 F.4th 1262, 1264 (8th Cir. 2025) (quoting Hill v. John Chezik Imps., 869 F.2d 1122, 1124 (8th Cir. 1989)). Miscalculation of the deadline to file the

petition, standing alone, is not an extraordinary circumstance for purposes of equitable tolling. See Holland v. Florida, 560 U.S. 631, 651–52 (2010) ("We have previously held that 'a garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." (citations omitted)).

BPC asserts that the "combined effect" of Boechler's responsibilities as a caretaker, single mother, and sole practitioner amount to extraordinary circumstances that warrant equitable tolling. But the Tax Court found that Boechler, as BPC's only attorney, "control[led] her own workload," and had co-counsel on several of her cases that were pending at the relevant time. And the record showed Boechler had other family members who were able to—and did—assist her with caregiving responsibilities. We see no clear error in these factual findings. See Chachanko, 935 F.3d at 629. And we agree this evidence was insufficient to support the conclusion that Boechler's professional and personal circumstances were extraordinary such that they "stood in [the] way" of BPC timely filing its petition for review. See Thompson, 919 F.3d at 1036.

III.

We affirm.

_____